## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN VERCUSKY, | : | CIVIL NO. 3:15-cv-2256 |
|     Petitioner | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| WARDEN PURDUE, | : | |
|     Respondent | : | |

### MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, John Vercusky, an inmate confined at the Schuylkill Federal Correctional Institution, in Minersville, Pennsylvania. (Doc. 1). Vercusky challenges the validity of his 2003 sentence imposed by the United States District Court for the Eastern District of Pennsylvania. (*Id.*). For the following reasons, the petition will be dismissed for lack of jurisdiction.

### I.  Background

On September 16, 2003, Vercusky was convicted in the United States District Court for the Eastern District of Pennsylvania of conspiracy to commit robbery, interference with commerce by robbery, aiding and abetting, use of a gun during a crime of violence, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 1951, 2, 924(c)(1), 922(g)(1). *See United States v. Vercusky*, No. 2:02-cr-00634 (E.D. Pa.); (Doc. 2, p. 3). Vercusky alleges that he was classified as an armed career criminal, and was sentenced to an aggregate term of imprisonment of 272 months, followed by five years of supervised

release. *See United States v. Vercusky*, No. 2:02-cr-00634 (E.D. Pa.); *see also* (Doc. 1; Doc. 2, p. 2). There is no indication that a direct appeal was filed. (Doc. 1). Additionally, there is no indication that Vercusky filed a motion seeking relief pursuant to 28 U.S.C. § 2255. (*Id.*).

On November 23, 2015, Vercusky filed the instant petition. (Doc. 1). He seeks to have his judgment vacated based on the holding in the recent Supreme Court of the United States case of *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015) (finding that an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violated the Constitution). (Doc. 1, p. 2; Doc. 2).

II. **Standard of Review - Screening**

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Patton v. Fenton*, 491 F. Supp. 156, 158 (M.D. Pa. 1979) (Nealon, J.). "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'" *Belt v. Scism*, 2010 U.S. Dist. LEXIS 97052, *2-3 (M.D. Pa. 2010) (Muir, J.) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970)).

## III. <u>Discussion</u>

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *OKereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002). Section 2255 "channels collateral attacks by federal prisoners to the sentencing court rather than to the court in the district of confinement so that they can be addressed more efficiently." *Fraser v. Zenk*, 90 Fed. Appx. 428, 430 n.3 (3d Cir. 2004), *citing United States v. Hayman*, 342 U.S. 205, 210-19 (1952).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention. *See* 28 U.S.C. § 2255(e); *OKereke*, 307 F.3d at 120 (explaining that this exception is extremely narrow). "A motion under § 2255 is inadequate or ineffective 'only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim.'" *Yuzary v. Samuels*, 269 Fed. Appx. 200, 201 (3d Cir. 2008) (quoting *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002)). Importantly, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the

stringent gatekeeping requirements of the amended § 2255." *Id.* Section 2255 may be inadequate or ineffective where the prisoner is imprisoned for conduct that the Supreme Court later determines is not criminal and where the prisoner did not have an opportunity to raise his claim in a § 2255 motion. *See In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). "If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction." *Id., citing Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence."). *See also United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999) (federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

In the instant petition, Vercusky seeks relief *via* section 2241. He argues that his "sentence was dramatically increased, because, ... he was improperly classified as (a) ACCA offender (or) as a career offender." (Doc. 2, p. 1). In support of his argument, he relies on *Johnson v. United States*, 135 S.Ct. 2551. (Doc. 1, p. 2; Doc. 2). In *Johnson*, the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act violates the Constitution's guarantee of Due Process due to vagueness. *Johnson*, 135 S.Ct. at 2563. Because Vercusky is ultimately challenging his conviction and sentence, his claims are controlled by 28 U.S.C. § 2255. *See Wallace v. Bledsoe*, No. 1:1-CV-132, 2011

WL 766641, * 3 (M.D. Pa. 2011) (Jones, J.) (finding that the petitioner's claim that a prior conviction was improperly used to enhance his sentence must be brought by way of section 2255); Pryce v. Scism, Civil No. 1:10-cv-1680, 2011 WL 41883, *4 (M.D. Pa. 2011) (Jones, J.) (concluding that section 2255, not section 2241, is the appropriate section to address Pryce's claim, that he is actually innocent of being a career criminal because his prior state convictions should not have been considered to enhance his current federal sentence, and explaining that innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by section 2255 would be inadequate or ineffective). Accordingly, the instant petition is subject to dismissal.

Significantly, Vercusky failed to present the issue he presently raises in a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Instead, he attempts to utilize section 2241 to obtain the desired relief. The remedy afforded under section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under section 2255. Vercusky argues that he is entitled to relief from sentencing as an armed career criminal, as opposed to being factually innocent of the crime for which he was convicted. (Doc. 1, p. 2; Doc. 2). Courts that have considered this argument have recognized that one is not convicted of being an "armed career criminal." Rather, this status is utilized as a basis to enhance a federal sentence. Therefore, innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy

afforded by section 2255 would be inadequate or ineffective. *Accord United States v. Brown*, 456 Fed. Appx. 79, 81 (3d Cir. 2012) (per curiam) (stating "[w]e have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender."); *see also Selby v. Scism*, 453 Fed. Appx. 266, 268 (3d Cir. 2011) (finding "Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is 'innocent' of a [career offender] sentencing enhancement because of an intervening change in law. Accordingly the exception described in *In re Dorsainvil* does not apply.").

## IV. <u>Conclusion</u>

Based on the foregoing, the Court lacks jurisdiction to consider Vercusky's petition. Therefore, the petition will be dismissed. Notably, dismissal will be without prejudice to Vercusky's ability to take any action he deems appropriate under section 2255.

An appropriate Order follows.

Date: December ___, 2015

Robert D. Mariani
United States District Judge